# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHADEMI DAVOOD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JIMMANZ, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-01394-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR CONSOLIDATION AND APPOINTMENT OF COUNSEL<br><br>(ECF No. 13) |

Plaintiff Khademi Davood is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for consolidation and appointment of counsel, filed December 2, 2021.  Plaintiff requests that this case be consolidated with Davood v. North Kern State Prison et al., 1:21-cv-01261-DAD-SKO (PC).

Federal Rule of Civil Procedure 42(a) provides this Court with broad discretion to **consolidate** cases that involve common questions of law and fact. See Pierce v. Cnty. of Orange, 526 F.3d 1190, 1203 (9th Cir. 2008) ("A district court generally has 'broad' discretion to **consolidate** actions; we review its decision on **consolidation** under an abuse of discretion standard.").  The Court will deny Plaintiff's motion. Plaintiff has not established that this case and case no. 1:12-cv-01261-DAD-SKO (PC)  involve common questions of law or fact. The Court's initial review of the complaints in the

respective cases does not indicate that these cases involve the same or similar parties, claims, events, or issues and both cases involve different defendants.  Therefore, there does not appear to be any judicial convenience resulting from **consolidation** of this case and case no. 1:21-cv01261-DAD-SKO (PC).

Plaintiff also seeks appointment of counsel.  Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id.  (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with similar cases almost daily.  While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.")  The test is whether exception circumstances exist and here, they do not.  The Court has yet to screen Plaintiff's complaint and therefore cannot make a finding that Plaintiff is likely to succeed on the merits.  Accordingly, Plaintiff's motion for the appointment of counsel shall be denied.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for consolidation is denied; and

2. Plaintiff's motion for appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated:   **December 6, 2021**

UNITED STATES MAGISTRATE JUDGE