1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    KHADEMI DAVOOD,                              Case No. 1:21-cv-01394-SAB (PC)

12                   Plaintiff,                     ORDER DENYING PLAINTIFF'S MOTION
                                                    FOR APPOINTMENT OF EXPERT
13           v.                                     PSYCHOLOGIST AND INVESTIGATOR OR
                                                    ATTORNEY
14    JIMMANZ, et al.,
                                                    (ECF No. 16)
15                   Defendants.

16

17

18

19           Plaintiff Khademi Davood is proceeding *pro se* and *in forma pauperis* in this civil rights

20    action pursuant to 42 U.S.C. § 1983.  Currently before the Court is Plaintiff's motion for

21    appointment of expert psychologist and investigator or attorney, filed December 16, 2021.  (ECF

22    No. 16.)

23           Under Federal Rule of Evidence 706(a), the Court has the discretion to appoint an expert

24    witness *sua sponte* or upon a party's motion and may apportion costs of an appointed expert.

25    Fed. R. Evid. 706; Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065,

26    1071 (9th Cir. 1999).  However, the purpose of a court-appointed expert under Rule 706 is to

27    assist the trier of fact, not to serve as an advocate.  See Pedraza v. Jones, 71 F.3d 194, 196 (5th

28    Cir. 1995) ("[t]he plain language of section 1915 does not provide for the appointment of expert

                                                    1

1    witnesses to aid an indigent litigant."); accord, Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir.

2    1987), cert. denied, 485 U.S. 991 (1988).  Importantly, these principals are not altered when a

3    district court authorizes a party to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

4    Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993); see also Tedder v. Odel, 890 F.2d 210, 211–12

5    (9th Cir. 1989) (an indigent prisoner must bear the costs of litigation, including payment of fees

6    or expenses for witnesses); Jacobsen v. California, No. 1:14-cv-00108-JLT (PC), 2016 WL

7    7429154 (E.D. Cal. Dec. 23, 2016) ("Plaintiff's *pro se*, *in forma pauperis* status alone is not

8    grounds for the appointment of an expert witness to assist him with his case.").  Rather, an expert

9    may be appointed to assist the trier of fact only where it "will promote accurate factfinding."

10   Gorton v. Todd, 793 F. Supp. 2d 1171, 1179 (E.D. Cal. 2011).  "Further, in order to demonstrate

11   such necessity, there also must be some evidence, admissible or otherwise, that demonstrates a

12   serious dispute that could be resolved or understood through expert testimony."  Id. at 1181.

13   Finally, where the costs would likely be apportioned to the government, the Court "should

14   exercise caution."  Manriquez v. Huchins, No. 1:09-cv-00456-LJO-BAM PC, 2012 WL 5880431,

15   *12 (E.D. Cal. Nov. 21, 2012).  "Rule 706 is not meant to provide an avenue to avoid [the *in*

16   *forma pauperis* statute] and the prohibition against using public funds to pay for the expenses of

17   witnesses."  Id. (collecting cases).  The Court does not find any circumstances at this time that

18   warrant the appointment of an expert psychologist.  At this early stage of the litigation, the Court

19   cannot determine that Plaintiff's claims require expert assistance.  Moreover, Plaintiff has not yet

20   alleged any cognizable claims; therefore, appointment of a medical expert is premature and shall

21   be denied.

22        As to his request for appointment of an investigator, as previously noted, Plaintiff has

23   been granted leave to proceed with this action *in forma pauperis* pursuant to 28 U.S.C. § 1915.

24   (ECF No. 6.)  However, the *in forma pauperis* statute does not authorize the expenditure of public

25   funds for investigators.  See 28 U.S.C. § 1915; see also Hadsell v. Internal Revenue Service, 107

26   F.3d 750, 752 (9th Cir. 1997); Dixon, 990 F.2d at 480; Brown v. Johnson & Johnson, Inc., Case

27   No. 1:17-cv-01285-AWI-EPF, 2018 WL 5734531, *2–3 (E.D. Cal. Oct. 31, 2018) (holding that

28   "the Court is without authority to appoint an investigator or researcher to assist Plaintiff.").

1  Accordingly, Plaintiff's request to appoint an investigator shall also be denied.

2       Alternatively, Plaintiff seeks appointment of an attorney.   However, as the Court

3  previously noted in its December 6, 2021 order denying a similar request to appoint counsel (see

4  ECF No. 14), Plaintiff does not have a constitutional right to appointed counsel in this action,

5  Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney

6  to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).   Mallard v. United States District Court

7  for the Southern District of Iowa, 490 U.S. 296, 298 (1989).   For the same reasons previously

8  discussed, the Court does not find the required exceptional circumstances present here.  See Rand,

9  113 F.3d at 1525.   Namely, Plaintiff has not demonstrated his case is exceptional.   Wilborn v.

10  Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).   Nor can the Court determine Plaintiff is likely

11  to succeed on the merits where the Court's December 15, 2021 screening order dismissed the first

12  amended complaint for failure to state a cognizable claim (see ECF No. 15), and no amended

13  complaint is yet on the record.   Accordingly, Plaintiff's motion for the appointment of counsel

14  shall be denied.

15       Based on the foregoing, it is HEREBY ORDERED that:

16       1.     Plaintiff's motion to appoint an expert psychologist is DENIED;

17       2.     Plaintiff's motion to appoint an investigator is DENIED; and

18       3.     Plaintiff's motion for appointment of counsel is DENIED, without prejudice.

19

20  IT IS SO ORDERED.

21  Dated:   **December 20, 2021**

_____
UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28