UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHADEMI DAVOOD,<br><br>   Plaintiff,<br><br>  v.<br><br>JIMMANZ, et al.,<br><br>   Defendants. | Case No. 1:21-cv-01394-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION<br><br>(ECF No. 18) |

   Plaintiff Khademi Davood is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

   Plaintiff filed the instant action on September 17, 2021.  On October 20, 2021, the Court screened the complaint, found no cognizable claims were presented, and granted Plaintiff thirty days to file an amended complaint.  (ECF No. 11.)  On November 12, 2021, Plaintiff filed a first amended complaint.  (ECF No. 12.)  On December 15, 2021, the Court screened the first amended complaint, found no cognizable claims were presented, and granted Plaintiff thirty days to file a second amended complaint.  (ECF No. 15.)  Plaintiff failed to file a second amended complaint or otherwise respond to the Court's December 15, 2021 order.

///

///

1

# I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

Complaints must also comply Federal Rule of Civil Procedure 8, which requires that each pleading include a "short and plain statement of the claim," and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8 (a)(1), (d)(1). See Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009). In addition to the grounds for sua sponte dismissal set out in § 1915(e)(2)(B), the district court may also dismiss a complaint for failure to comply with Rule 8 if it fails to provide the defendant fair notice of the wrongs allegedly committed. See McHenry v. Renne, 84 F.3d 1172, 1178–80 (9th Cir.

1996) (upholding Rule 8(a) dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); <u>Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.</u>, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling," while noting that "[o]ur district courts are busy enough without having to penetrate a tome approaching the magnitude of *War and Peace* to discern a plaintiff's claims and allegations.").

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

As with Plaintiff's original complaint, Plaintiff's rambling ten-page amended complaint is incoherent and fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Court has carefully reviewed Plaintiff's first amended complaint, but because the complaint is largely illegible and incoherent, the Court is unable to understand the nature of Plaintiff's claims as he does not provide a short and plain statement clearly stating the facts from which her claims arise. Accordingly, the Court will not attempt to summarize the allegations, as it is nearly impossible to do so given the lack of clarity of Plaintiff's allegations and failure to comply with Rule 8.

To illustrate, Plaintiff alleges, in pertinent part:

> Upon arrival on the May 28, 2021 at approximately hours of 11:17 am to North Kern State Prison located at 2737 W. Cicel Ave zip code 93216 while Plaintiff Khademi was in full custody of the South Placer County Jail transporting Dep[u]ties Henry and Blanco and Matt Caff in full chains and [shackles] subject to use of unnecessary force by the Defendant Sgt J. Franco as the custodial failed to protect and the Defendant [lieutenant] I. Gomez after conducted the investigation fail[e]d to include the names of the (witnesses) character or transporting c/o on the report (RVR). Also he had disputed the fact to provid[e] his set info regarding an orientation for new arrival if the[re] was a [suspicious] or false identity (falsification).

(Am. Compl. at 3, ECF No. 12.)

///

Plaintiff further alleges, in pertinent part:

> All the Defendants involved and participated in the action and depervife [sic] Plaintiff Khademi of all the rights access to patent court while Plaintiff Khademi had established an invention basics of his utility patent case to those forms SB16-SB-15 and it was ready to be forwarded back to my USPTO account all info was on my phone while I personally asked one of my fri[e]nd to submit it to the USPTO on 2021 around March of the February thought the (USPS) it was successful.

(Id. at 8.)

## III.

## DISCUSSION

### A.  Federal Rule of Civil Procedure 8

When screening a complaint to determine whether it states a viable claim, the Court applies the same standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). See Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (citation omitted). Rule 12(b)(6), in turn, is read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure ("Rule 8"). Zixiang Li v. Kerry, 710 F.3d 995, 998-99 (9th Cir. 2013). Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). Though Rule 8 does not require detailed factual allegations, at a minimum a complaint must allege enough specific facts to provide both "fair notice" of the particular claim being asserted and "the grounds upon which [that claim] rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted); see also Iqbal, 556 U.S. at 678 (Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (citing Twombly at 555).

A complaint violates Rule 8 if a defendant would have difficulty responding to the complaint. Cafasso, U.S. ex rel. v. General Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011). Courts may dismiss a complaint for failure to comply with Rule 8 even when the complaint is not "wholly without merit." McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996). "Rule 8(e), requiring each averment of a pleading to be 'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." Id. A plaintiff must allege a minimum factual and

4

legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. See, e.g., Brazil v. United States Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

Thus, to survive screening, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) (citations and quotation marks omitted). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Iqbal, 556 U.S. at 678 (citation omitted); see also Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (complaint "must allege the basis of [plaintiff's] claim against each defendant" to satisfy Rule 8 pleading requirements). Allegations that are "merely consistent with" a defendant's liability, or reflect only "the mere possibility of misconduct" do not show "that the pleader is entitled to relief" (as required by Rule 8(a)(2) ), and thus are insufficient to state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678-79 (citations and quotation marks omitted).  Plaintiff's amended complaint fails to meet the minimum pleading requirement of providing Defendants with sufficient information to put them on notice as to what each Defendant is alleged to have done and how that violated Plaintiff's constitutional rights. See Starr v. Baca, 652 F.3d 1202, 1215-16 (9th Cir. 2011).

**B.    Federal Rules of Civil Procedure 18 and 20**

Plaintiff is asserting claims against different defendants based on different events at different institutions. However, Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980).  Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Here, Plaintiff may not pursue unrelated claims against multiple Defendants for unrelated events at different institutions. As Plaintiff is attempting to bring multiple claims that arose from different and unrelated occurrences, his complaint violates Federal Rules of Civil Procedure 18 and 20.

### C. Excessive Force

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). To establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6–7 (1992). In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. Id. at 7; see also id. at 9–10 ("The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and citations omitted)).

### D. Involuntary Medication

The U.S. Supreme Court has recognized a liberty interest in freedom from unwanted antipsychotic drugs. Washington v. Harper, 494 U.S. 210, 221-22 (1990); United States v. Ruiz-Gaxiola, 623 F.3d 684, 691 (9th Cir. 2010). For convicted inmates, or those awaiting trial, the "liberty interest in avoiding unwanted medication must be defined in the context of the inmate's confinement." United States v. Loughner, 672 F.3d 731, 745 (9th Cir. 2012) (quoting Harper, 494 U.S. at 222). If it is determined that an inmate is a danger to himself or others, and that treatment is in his medical interest, the Due Process Clause allows the State to treat an inmate with serious mental illness with antipsychotic drugs against the inmate's will. Harper, 494 U.S. at 227; see also Riggins v. Nevada, 504 U.S. 127, 135 (1992) ("Under Harper, forcing antipsychotic drugs on a convicted prisoner is impermissible absent a finding of overriding justification and a determination of medical

6

appropriateness."). "In the context of both Harper and Riggins such an invasion of the human person can only be justified by a determination by a neutral factfinder that the antipsychotic drugs are medically appropriate and that the circumstances justify their application." Kulas v. Valdez, 159 F.3d 453, 456 (9th Cir. 1998). In addition to the above substantive due process requirements, procedural due process forbids the forced administration of antipsychotic drugs "if there are no procedural safeguards to ensure the prisoner's interests are taken into account." Id.

In California, in order to constitutionally medicate a prisoner for a substantial period of time with antipsychotic drugs against the prisoner's will, an official with the California Department of Corrections and Rehabilitation must obtain a Keyhea order. "A Keyhea order permits the long-term involuntary medication of an inmate upon a court finding that the course of involuntary medication is recommended and that the prisoner, as a result of mental disorder, is gravely disabled and incompetent to refuse medication, or is a danger to himself or others." Davis v. Walker, 745 F.3d 1303, 1306 n.2 (9th Cir. 2014); see also Keyhea v. Rushen, 178 Cal. App. 3d 526 (1986).

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Helling v. McKinney, 509 U.S. 25, 31 (1993). Adequate food is a basic human need protected by the Eighth Amendment. Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982), (abrogated on other grounds by Sandin v. O'Connor, 515 U.S. 472 (1995)). While prison food need not be "tasty or aesthetically pleasing," it must be "adequate to maintain health." LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993). However, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). To establish a violation of the Eighth Amendment, Plaintiff must submit evidence sufficient to show that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. Farmer, 511 U.S. at 847.

### E. Denial of Medical Treatment

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an

7

inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds by Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (citation omitted).

"A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (citation and internal quotation marks omitted). "Indications that a plaintiff has a serious medical need include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014).

### F. Denial of Access to the Court

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655. The failure to allege an actual injury is "fatal." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'non-frivolous legal claim had been frustrated' is fatal.") (citing Lewis, 518 U.S. at 353 & n.4). In addition, Plaintiff must allege the loss of a "non-frivolous" or "arguable" underlying claim. Harbury, 536 U.S. at 413-14. The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." Id. at 417. Finally, Plaintiff must specifically allege the "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." Id. at 415.

///

**G.     False Allegations**

Prisoners do not have a liberty interest in being free from false accusations of misconduct. This means that the falsification of a report, even when intentional, does not alone give rise to a claim under § 1983. Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."); Buckley v. Gomez, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997) (stating that "a prisoner does not have a constitutional right to be free from wrongfully issued disciplinary reports[ ]").

## IV.

## FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE

Here, the Court screened Plaintiff's first amended complaint, and on December 15, 2021, an order issued providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint within thirty days. (ECF No. 15.) Plaintiff did not file a second amended complaint or otherwise respond to the Court's December 15, 2021 order. Therefore, on January 25, 2022, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed. (ECF No. 18.) Plaintiff failed to respond to the January 25, 2022 order and the time to do so has passed.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128,

130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint within thirty days of December 15, 2021 and has not done so. Accordingly, the operative pleading is the November 12, 2021, first amended which has been found not to state a cognizable claim. Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition. This action can proceed no further without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders. Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d

at 132-33; Henderson, 779 F.2d at 1424.  The Court's December 15, 2021 screening order expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order."  (ECF No. 15.)  In addition, the Court's January 25, 2022 order to show cause expressly stated: "Plaintiff's failure to comply with this order will result a recommendation to dismiss the action." ECF No. 18.)  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

## V.

## ORDER AND RECOMMENDATION

The Court has screened Plaintiff's complaint and found that it fails to state a cognizable claim. Plaintiff has failed to comply with the Court's order to file a first amended complaint or respond to the Court's order to show why the action should not be dismissed.  In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to state a cognizable claim, failure to obey the December 15, 2021 and January 25, 2022 orders, and failure to prosecute this action.

Accordingly, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action

Further, it is HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to state a claim, failure to comply with a court order, and failure to prosecute.

This Findings and Recommendation is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this Recommendation, Plaintiff may file written objections to this findings and recommendation with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The district judge will review the magistrate judge's Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **February 25, 2022**

UNITED STATES MAGISTRATE JUDGE